# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

JOHN W. WHITE
EVAN R. CHESLER
STEPHEN L. GORDON
ROBERT H. BARON
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
RONALD E. CREAMER JR.
WILLIAM V. FOGG
FAIZA J. SAEED
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS

GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
CRAIG F. ARCELLA
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO

DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
DAVID L. PORTILLA
RORY A. LERARIS
MARGARET T. SEGALL
DANIEL K. ZACH
NICHOLAS A. DORSEY
ANDREW C. ELKEN
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL J. CERQUEIRA

ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK
ANDREW T. DAVIS
DOUGLAS DOLAN
SANJAY MURTI
BETHANY A. PFALZGRAF
MATTHEW L. PLOSZEK
ARVIND RAVICHANDRAN

PARTNER EMERITUS
SAMUEL C. BUTLER

OF COUNSEL
CHRISTOPHER J. KELLY
KIMBERLEY S. DREXLER
LILLIAN S. GROSSBARD
KIMBERLY A. GROUSSET
ANDREI HARASYMIAK
JESSE M. WEISS
MICHAEL J. ZAKEN
BENJAMIN G. JOSELOFF
MEGAN Y. LEW

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1430

WRITER'S EMAIL ADDRESS
dmarriott@cravath.com

July 11, 2022

<u>Ben & Jerry's Homemade, Inc. v. Conopco, Inc.</u>, No. 1:22-cv-05681 (ALC)

Dear Judge Carter:

This Firm represents Defendant in the above-titled Action. Pursuant to Rule ¶ 6.C(ii) of Your Honor's Individual Practices, we respectfully submit this letter motion for leave to file under seal Exhibits S, W, X, Y, and Z to the Declaration of David Kumagai in support of Defendant's Opposition to Plaintiff's Application for Preliminary Injunctive Relief ("Kumagai Decl.").

Each of the exhibits discloses commercially sensitive business information concerning the parties to the agreements. Exhibit S is the Bill of Sale between Unilever IP Holdings B.V. ("UIP") and Blue & White Ice-Cream Ltd. ("Blue & White"), dated June 29, 2022. Exhibit W is the Business Transfer Agreement between Unilever PLC and Blue & White, dated June 27, 2022. Exhibit X is a letter sent on behalf of Unilever PLC to Blue & White, with the subject line "Supply of Ingredients and Co-packing Services for Ben & Jerry's Products", dated June 29, 2022 ("Supplier Letter"). Exhibit Y is the Guarantee Agreement between Unilever PLC and American Quality Products Ltd. ("AQP"), dated June 27, 2022. Exhibit Z is the Settlement and Release Agreement between AQP and Avi Zinger, on the one hand, and Ben & Jerry's Homemade, Inc., Conopco, Inc., Unilever United States, Inc., and UIP, dated June 27, 2022 ("Settlement Agreement").

A district court "has supervisory power over its own records and files," and public access to these records and files "has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). While "[t]here is a common law presumption in favor of permitting public access to judicial documents," a court balances this presumption against competing comparisons, including "the privacy interests of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y.

2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)) (internal quotation marks omitted). Competitively sensitive information should be protected against public disclosure if such disclosure would cause significant and irreparable competitive injury. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage).

Accordingly, this Court regularly seals documents to prevent the disclosure of confidential or competitively sensitive business information. *See, e.g.*, *Shift4 Payments, LLC v. Westamerica Bank*, ECF No. 9, No. 1:21-cv-01609 (ALC) (S.D.N.Y. Mar. 1, 2021) (granting motion to seal to protect "commercially sensitive and confidential information, including the non-public, bargained-for terms" of an agreement that would "result in competitive harm by providing third parties with access to competitively sensitive information"); *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-cv-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (granting motion to seal documents containing "confidential and sensitive business information"); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (granting motion to seal to protect "non-parties' interests in privacy and the protection of proprietary business information"); *PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-5183 (AJN), 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) (granting motion to seal "with respect to those documents . . . containing sensitive commercial information").

The Bill of Sale, Business Transfer Agreement, Supplier Letter, Guarantee Agreement, and Settlement Agreement contain commercially sensitive business information relating to these transactions, including the detailed bargained-for terms and conditions of each agreement between the relevant parties. Disclosing the terms of these agreements would compromise business sensitive and put the parties to these transactions at a competitive disadvantage, e.g., in future negotiations with third parties. *See Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10 Civ. 6100 (PKC), 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (sealing documents containing confidential information, "the disclosure of which could affect future contract negotiations").

There is also no benefit to the public from disclosure of the bargained-for terms of these agreements. In fact, public disclosure of the confidential and commercially sensitive terms would result in competitive harm by providing third parties with access to bargained-for terms and conditions, to the detriment of the parties to the agreements and the advantage of other parties. The competitive harm that would result from public disclosure outweighs the interest of the public, including competitors, in details of these agreements.

Accordingly, we respectfully submit that Exhibits S, W, X, Y, and Z to the Declaration of David Kumagai should be filed under seal.

Respectfully,

*/s/ David Marriott*
David Marriott

Hon. Andrew L. Carter
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

VIA ECF

Copy to:

All counsels of record

VIA ECF and electronic email