**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
**BEN & JERRY'S HOMEMADE, INC.,**

                **Plaintiff,**

     -against-

**CONOPCO, INC.,**

                **Defendant.**
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: August 22, 2022

**22-cv-5681 (ALC)**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

On July 5, 2022, Plaintiff Ben & Jerry's Homemade, Inc. ("Ben & Jerry's") initiated this action and filed the present motion seeking a preliminary injunction and temporary restraining order ("TRO") to enjoin Defendant Conopco, Inc. from "entering into or consummating any transaction that permits or would permit the licensing, sale, distribution, or use of Ben & Jerry's products in the West Bank" and from "performing any act under any agreement they have entered into that would permit the licensing, sale, distribution or use of Ben & Jerry's products in the West Bank." ECF No. 7 at 7. The Court denied the motion for a TRO and ordered Defendant to show cause why the preliminary injunction should not issue. ECF No. 18. Following unsuccessful mediation efforts, the Court held the order to show cause hearing on August 8, 2022. For the reasons that follow, Plaintiff's motion for a preliminary injunction is DENIED.

"[A] preliminary injunction is an extraordinary remedy that should not be granted as a routine matter." *JSG Trading Corp. v. Tray–Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990). It requires a showing of irreparable harm absent injunctive relief and either (1) a likelihood of success on the merits of the action or (2) "sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving

party." *Mullins v. City of New York*, 626 F.3d 47, 52–53 (2d Cir. 2010). "[I]rreparable harm must be shown to be actual and imminent, not remote or speculative." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002)

Plaintiff has failed to demonstrate irreparable harm here. At the August 8 hearing, Plaintiff identified two examples of irreparable harm. First, Plaintiff stated that in the absence of an injunction, the new owners of Ben & Jerry's products in Israel and the West Bank would have "the ability to undermine [Ben & Jerry's ability to protest certain issues by launching products] by launching [the] exact same quality products with the exact opposite social mission stance." Tr. 12:5-7. According to Ben & Jerry's, the new owners would be able to direct the marketing in Israel and the West Bank of new mission-driven products such that the new owners could represent a contrary message when marketing the products. *See* Tr. 11:12-12:8. Second and relatedly, Ben & Jerry's argue that the injunction is needed to prevent "customer confusion as to who owns Ben & Jerry's social mission." Tr. 13:12-13.

Neither reason suffices. Such purported harm is too speculative to constitute irreparable harm. The injunctive relief sought cannot issue on the basis of a hypothetical scenario involving several speculative steps, namely that (1) new products will be introduced, (2) those products will seek to convey a particular message, and (3) the new owners then will market those products to convey a contrary message.

The harm of customer confusion regarding Ben & Jerry's positions is also remote. Ben & Jerry's has offered no evidence of such confusion or the impact of the alleged confusion. If anything, media reports and this very lawsuit evince Ben & Jerry's position on the issue. Further, the products sold in Israel and the West Bank will use no English trademarks, instead displaying

new Hebrew and Arabic language Ben & Jerry's trademarks. ECF No. 49. Thus, the products sold in Israel and the West Bank will be dissimilar from other Ben & Jerry's products, mitigating, if not eliminating, the possibility of reputational harm.

Because Plaintiff fails to establish irreparable harm, the Court does not consider its remaining arguments. *See Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1998) ("In the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied.").

For the foregoing reasons, the Court denies Plaintiff's motion for a preliminary injunction. The parties shall submit a joint status letter no later than two weeks from the date of this order. The Court grants Defendant's motion to seal, and the Clerk of Court is respectfully directed to terminate the motion at ECF No. 33.

**SO ORDERED.**

**Dated:** **August 22, 2022**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**