# CRAVATH, SWAINE & MOORE LLP

| | | WORLDWIDE PLAZA | | |
| --- | --- | --- | --- | --- |
| JOHN W. WHITE | TIMOTHY G. CAMERON | 825 EIGHTH AVENUE | O. KEITH HALLAM, III | HELAM GEBREMARIAM |
| EVAN R. CHESLER | KARIN A. DEMASI | NEW YORK, NY 10019-7475 | OMID H. NASAB | MATTHEW G. JONES |
| STEPHEN L. GORDON | DAVID S. FINKELSTEIN | | DAMARIS HERNÁNDEZ | MATTHEW M. KELLY |
| ROBERT H. BARON | RACHEL G. SKAISTIS | TELEPHONE: +1-212-474-1000 | AMANDA HINES GOLD | DAVID H. KORN |
| CHRISTINE A. VARNEY | PAUL H. ZUMBRO | FACSIMILE: +1-212-474-3700 | JONATHAN J. KATZ | BRITTANY L. SUKIENNIK |
| PETER T. BARBUR | ERIC W. HILFERS | | DAVID L. PORTILLA | ANDREW M. WARK |
| MICHAEL S. GOLDMAN | GEORGE F. SCHOEN | | ELAD L. ROISMAN | ANDREW T. DAVIS |
| RICHARD HALL | CRAIG F. ARCELLA | | RORY A. LERARIS | DOUGLAS DOLAN |
| STEPHEN L. BURNS | LAUREN ANGELILLI | | MARGARET T. SEGALL | SANJAY MURTI |
| KATHERINE B. FORREST | TATIANA LAPUSHCHIK | CITYPOINT | DANIEL K. ZACH | BETHANY A. PFALZGRAF |
| KEITH R. HUMMEL | ALYSSA K. CAPLES | ONE ROPEMAKER STREET | NICHOLAS A. DORSEY | MATTHEW L. PLOSZEK |
| DAVID J. KAPPOS | MINH VAN NGO | LONDON EC2Y 9HR | ANDREW C. ELKEN | ARVIND RAVICHANDRAN |
| DANIEL SLIFKIN | JELENA MCWILLIAMS | TELEPHONE: +44-20-7453-1000 | JENNIFER R. GRAFF | |
| ROBERT I. TOWNSEND, III | KEVIN J. ORSINI | FACSIMILE: +44-20-7860-1150 | VANESSA A. LAVELY | ———————— |
| PHILIP J. BOECKMAN | MATTHEW MORREALE | | G.J. LIGELIS JR. | PARTNER EMERITUS |
| RONALD E. CREAMER JR. | JOHN D. BURETTA | | MICHAEL E. MARIANI | SAMUEL C. BUTLER |
| WILLIAM V. FOGG | J. WESLEY EARNHARDT | WRITER'S DIRECT DIAL NUMBER | LAUREN R. KENNEDY | |
| FAIZA J. SAEED | YONATAN EVEN | +1-212-474-1430 | SASHA ROSENTHAL-LARREA | ———————— |
| THOMAS E. DUNN | BENJAMIN GRUENSTEIN | | MICHAEL P. ADDIS | |
| MARK I. GREENE | JOSEPH D. ZAVAGLIA | WRITER'S EMAIL ADDRESS | JUSTIN C. CLARKE | OF COUNSEL |
| JENNIFER S. LEETE | STEPHEN M. KESSING | dmarriott@cravath.com | SHARONMOYEE GOSWAMI | CHRISTOPHER J. KELLY |
| DAVID R. MARRIOTT | LAUREN A. MOSKOWITZ | | C. DANIEL HAAREN | KIMBERLEY S. DREXLER |
| MICHAEL A. PASKIN | DAVID J. PERKINS | | EVAN MEHRAN NORRIS | LILLIAN S. GROSSBARD |
| ANDREW J. PITTS | J. LEONARD TETI, II | | LAUREN M. ROSENBERG | KIMBERLY A. GROUSSET |
| MICHAEL T. REYNOLDS | D. SCOTT BENNETT | | MICHAEL L. ARNOLD | ANDREI HARASYMIAK |
| ANTONY L. RYAN | TING S. CHEN | | HEATHER A. BENJAMIN | JESSE M. WEISS |
| GEORGE E. ZOBITZ | CHRISTOPHER K. FARGO | | MATTHEW J. BOBBY | MICHAEL J. ZAKEN |
| GEORGE A. STEPHANAKIS | DAVID M. STUART | | DANIEL J. CERQUEIRA | BENJAMIN G. JOSELOFF |
| GARY A. BORNSTEIN | AARON M. GRUBER | | ALEXANDRA C. DENNING | MEGAN Y. LEW |

October 26, 2022

<u>Ben & Jerry's Homemade, Inc. v. Conopco, Inc., Unilever IP Holdings B.V., and Unilever PLC</u>
<u>No. 1:22-cv-05681 (ALC) (S.D.N.Y.)</u>

Dear Judge Carter:

This firm represents Defendants Conopco, Inc. ("Conopco"), Unilever IP Holdings B.V. ("UIP") and Unilever PLC ("Unilever") (collectively, "Defendants") in the above-titled matter. We respectfully submit this letter pursuant to Part 2A of Your Honor's Individual Rules of Practice to request a pre-motion conference in connection with Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), which we are prepared to file as soon as the pre-motion conference, if any, concludes.

As set out in large part in Conopco's papers in opposition to the complaint and motion papers filed by a subset (5) of the members (the "Complainants") of the limited-purpose board of directors (the "Board") of Ben & Jerry's Homemade, Inc. ("Ben & Jerry's"), Complainants' claims against Defendants, which Complainants purportedly (but not actually) bring on behalf of Ben & Jerry's, are baseless and should be dismissed. Defendants' motion will seek dismissal on the following grounds.

*First*, Complainants purport to have brought this case on behalf of Ben & Jerry's against its sole (100%) shareholder, Conopco; Conopco's parent company, Unilever; and one of Unilever's subsidiaries, UIP. However, Complainants lack authority to bring suit on behalf of Ben & Jerry's. A person may not sue on behalf of another person or entity unless duly empowered and lawfully authorized to do so. As members of the limited-purpose board of directors of a Vermont close corporation, Complainants' powers have been lawfully restricted by Ben & Jerry's sole shareholder, Conopco. *See* 11A V.S.A. § 20.09. Under the relevant governance documents, the Board has only those powers *expressly* granted to it. (Am. Compl. Ex. B § 1(a).) All

remaining powers are reserved to Conopco. (*Id.*)  The Board has primary responsibility only for the social mission and brand integrity (*id.* Ex. B §§ 1(e)-(f)); its policy decisions concerning such matters require the Board to work with the CEO, who is responsible for implementing and operationalizing such actions.  The Board has no authority to prosecute a legal action on behalf of Ben & Jerry's or to enforce the agreements under which it purports to sue—including a 2000 license agreement, to which the Board was not even party.  (*See id.*)  Complainants' claims contravene Vermont law and the very governing documents that created the Board in the first place and should therefore be dismissed.

*Second*, Complainants again failed to join indispensable parties. Although Complainants seek to prevent Mr. Zinger and his affiliates from continuing to do business in Israel and the Territories, they sued neither Mr. Zinger nor his affiliates, American Quality Products Ltd. and Blue & White Ice-Cream Ltd.  Nor do they assert any claims against Unilever relating to the merger agreement (the "Merger Agreement") or shareholders agreement (the "Shareholders Agreement") entered into by Conopco and Ben & Jerry's (both in 2000), despite the fact that the remedy Complainants seek implicates the rights and obligations of Unilever.  Further, Complainants have not joined Ben & Jerry's Homemade Holdings, Inc. ("Ben & Jerry's Holdings"), the party that transferred the intellectual property that Complainants allege the Board was entitled to control.  In the absence of these missing parties, the Court cannot provide the requested relief.  *See Sunset Homeowners Ass'n v. DiFrancesco*, 386 F. Supp. 3d 299,304–05 ("It is well established that a party to a contract which is the subject of the litigation is considered a necessary party" (internal quotation marks omitted)).  Granting Complainants the relief they seek—an injunction preventing Defendants from transferring future trade dress and know-how to Mr. Zinger and his affiliates, among other things— would, if enforceable, limit Mr. Zinger's ability to continue to sell ice cream in Israel and the Territories under the trademarks registered to his affiliated companies.  Thus, the requested relief should be denied for failure to join necessary and indispensable parties.

*Third*, Complainants fail adequately to allege a breach of any contract by Conopco.  They accuse Conopco of breaching the Merger Agreement and Shareholders Agreement by selling selected assets of Ben & Jerry's.  However, these agreements reserve all rights over asset sales to Conopco, as the sole shareholder; they give the Board no rights over asset sales.  (Am. Compl. Ex. B, Ex. A § 1(c)(i).)  To the extent the Amended Complaint alleges a breach based on other conduct, e.g., withholding compensation, canceling a Board meeting, not seating a director, the allegations are vague and conclusory and likewise fail to state a claim.  That Complainants allege breaches of the duty of good faith and fair dealing does nothing to save their case; those allegations are merely duplicative of Complainants' contract claims and thus improper.  *Jacobs Priv. Equity, LLC v. 450 Park LLC*, 22 A.D.3d 347, 347-38 (N.Y. App. Div. 1st Dep't 2005).  At bottom, Complainants' claims depend on a distortion of its limited and shared rights to protect Ben & Jerry's "social mission" and "brand integrity".  Nothing in either agreement affords the Board the contractual rights Complainants assert against Ben & Jerry's sole shareholder.

*Finally*, Complainants accuse UIP and Unilever (but not Conopco) of breaching a license agreement entered into between Ben & Jerry's and Ben & Jerry's Holdings, on the one hand, and Unilever N.V. and Unilever, on the other hand, on April 11, 2000 (the "License Agreement").  However, Complainants have not yet served either Unilever entity, and therefore neither is properly before the Court.  If Complainants fail to serve Unilever and UIP, Defendants are prepared to move pursuant to Fed. R. Civ. P. 12(b)(5) to dismiss the claim against these entities.  Assuming Complainants do serve the Unilever entities, the claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  According to Complainants, more than two decades ago, Unilever and Unilever N.V. (now UIP) breached the License Agreement when Ben & Jerry's and Ben & Jerry's Holdings transferred certain intellectual property to them.  Any such claim is barred by New York's statute of limitations, which allows six years from the time of an alleged breach to raise a breach of contract claim.  N.Y. C.P.L.R. § 213(2).  The claim also fails for multiple substantive reasons, including, among others, that (i) the conduct alleged to constitute a breach was undertaken by Ben & Jerry's and Ben & Jerry's Holdings, not Unilever or UIP; (ii) Unilever did not breach the section of the License Agreement Complainants say it breached, which is a run-of-the-mill requirement that a licensee will not cause damage to the licensed property, when, as owner of Ben & Jerry's and its IP, Unilever transferred the relevant rights to protect and optimize the use of its IP; and (iii) the trademark transfers could not have materially impaired Ben & Jerry's alleged brand-integrity and social-mission rights (as Complainants allege), because they were separately protected under the Merger Agreement and Shareholders Agreement, regardless of which entity held the IP.

For these reasons, Defendants respectfully seek leave to file a motion to dismiss.  Complainants already amended their complaint once and did nothing to remedy fatal flaws in their case.  Any requests for leave to further amend their complaint would be futile, as there is nothing they can plead to change the plain terms of the contracts or give them the ability to bring suit on behalf of another person or entity.

Respectfully submitted,

s/ *David R. Marriott*
David R. Marriott

Hon. Andrew L. Carter Jr., U.S.D.J.
United States District Judge for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

VIA ECF

Copies to:  All Counsel of Record via ECF