

COHEN & GRESSER LLP

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
212 957 7600
mcohen@cohengresser.com

October 31, 2022

**VIA ECF AND EMAIL**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

        Re:    *Ben & Jerry's Homemade, Inc. v. Conopco, Inc.*, No. 1:22-cv-05681-ALC

Dear Judge Carter:

      We represent Ben & Jerry's Homemade, Inc. ("Ben & Jerry's") in the above-referenced action, and write in response to the letter from defendants Conopco, Inc. ("Conopco"), Unilever IP Holdings B.V. ("UIP"), and Unilever PLC ("Unilever") (collectively, "Defendants") requesting a pre-motion conference and permission to file a motion to dismiss the Amended Complaint for failure to state a claim (the "Letter"). The grounds for Defendants' requested motion to dismiss are meritless and would fail.

      This case arises out of Defendants' breach of Ben & Jerry's governance rights. As alleged in detail in the Amended Complaint, in 2000, Ben & Jerry's agreed to be acquired by Defendants on the condition that Ben & Jerry's governance would be divided between its shareholder, Conopco, and an Independent Board. Under the terms of the Merger Agreement, the Independent Board is the "custodian[] of the Ben & Jerry's-brand image" with "primary responsibility" for "safeguarding the integrity of the essential elements of the Ben & Jerry's brand-name." (Am. Compl. Ex. A §§ 6.14(e)-(f).) To fulfill its responsibility, the Independent Board is expressly authorized to "prevent any action by the CEO in the areas of . . . the licensing or other use of the Ben & Jerry's trademark" that the Independent Board "reasonably determines to be inconsistent with the Essential Integrity of the Brand." (*Id.* § 6.14(f).)

      Pursuant to the Merger Agreement, Ben & Jerry's and Conopco entered into a Shareholders Agreement that incorporated these same governance provisions. (Am. Compl. Ex. B § 1(e)-(f).) In addition, Ben & Jerry's and Unilever entered into a License Agreement, under which Ben & Jerry's is to retain ownership of its trademarks, and Unilever is prohibited from actions that Ben & Jerry's determines are inconsistent with its social mission. (Am. Compl. Ex. C.)

      Following the merger, Defendants breached the Merger Agreement, Shareholders Agreement, and License Agreement by secretly causing the transfer of Ben & Jerry's trademarks to a predecessor-in-interest to UIP. Defendants hid these transfers from the Independent Board, despite Ben & Jerry's contractual right to have its Independent Board protect its trademarks. (Am. Compl. ¶¶ 48-56.) In June 2022, Defendants breached these agreements once again by transferring certain Ben & Jerry's trademarks in Israel to a third party, in a deliberate attempt to

The Honorable Andrew L. Carter, Jr.
United States District Judge
Page 2

circumvent the Independent Board's authority to preserve Ben & Jerry's social mission and brand integrity.

On a motion to dismiss, the Court must "draw all reasonable inferences in [the plaintiff's] favor, [and] assume all well-pleaded factual allegations to be true," *Actava TV, Inc. v. Joint Stock Co. "Channel One Russia Worldwide"*, 412 F. Supp. 3d 338, 347 (S.D.N.Y. 2019), and must deny the motion if the Amended Complaint asserts an "arguable claim under the contract." *Hermant Patel M.D., P.C. v. Bandikatla*, 2019 WL 6619344, at *2 (S.D.N.Y. Dec. 5, 2019).

### 1. The Independent Board Has Authority to Pursue Ben & Jerry's Claims

Defendants' argument that the Independent Board lacks authority to cause Ben & Jerry's to bring this action ignores the plain language of the relevant agreement.  The Shareholders Agreement expressly authorizes the Independent Board—on behalf of Ben & Jerry's—to prevent the Ben & Jerry's CEO, appointed by Conopco, from taking action with respect to "licensing or other use of the Ben & Jerry's trademark" that, in the Independent Board's reasonable determination, are inconsistent with Ben & Jerry's brand integrity.  (Ex. B § 1(f).)  That authority must include the power to enforce Ben & Jerry's rights under the Shareholders Agreement.

Moreover, Section 7 of the Shareholders Agreement authorizes the Independent Board to cause Ben & Jerry's to pursue judicial remedies.  It specifically states that "the parties," *i.e.*, Ben & Jerry's and Conopco, "shall be entitled to an injunction or injunctions to prevent breaches of this Agreement and to enforce specifically the terms and provisions of this Agreement." (Ex. B § 7; *see also* Ex. A § 9.10.)  The Independent Board is the only party that could enforce Ben & Jerry's right to prevent Conopco from taking actions that jeopardize its brand integrity.  The Independent Board's authority to prevent the Ben & Jerry's CEO from taking action with respect to Ben & Jerry's trademarks explicitly ***displaces*** the rights of management.  (*See* Ex. B. § 1(f).).  Moreover, the Independent Board's power to "prevent" certain actions by the CEO would be illusory if it lacked the authority to enforce Ben & Jerry's rights.

### 2. All Necessary Parties Have Been Joined to Accord the Requested Relief

Defendants' assertion that Ben & Jerry's failed to join necessary parties rests on a misreading of the allegations in the Amended Complaint and the relief being sought.  All necessary parties have been joined in this action for the Court to enter complete relief.  *First*, Defendants' argument that the Amended Complaint "seek[s] to prevent Mr. Zinger and his affiliates" from doing business in Israel (Letter at 2) is wrong.  The Amended Complaint nowhere seeks such relief, and instead seeks to enforce Defendants' obligations under the agreements at issue by enjoining ***Defendants*** from *"facilitat[ing]* the sale of Ben & Jerry's products or the use of Ben & Jerry's Marks in the West Bank *without prior approval of Ben & Jerry's Independent Board*."  (Am. Compl., Prayer for Relief) (emphasis added.)

*Second*, Defendants argue that the Amended Complaint does not assert claims against Unilever with respect to the Merger Agreement or Shareholders Agreement, but the relief sought implicates Unilever's rights.  The Amended Complaint, however, asserts a claim against Unilever for breach of the License Agreement, and on that basis seeks relief against Unilever.

The Honorable Andrew L. Carter, Jr.
United States District Judge
Page 3

*Finally*, Defendants' argument that Ben & Jerry's has failed to join Ben & Jerry's Homemade Holdings, Inc. is without merit. The Amended Complaint specifically alleges that Ben & Jerry's Homemade Holdings, Inc. was merged into Ben & Jerry's and out of existence in 2005. (*See* Am. Compl. ¶ 36 n. 10.)

### 3. The Amended Complaint States Claims for Breach of the Merger and Shareholders Agreement

Defendants' arguments that the Amended Complaint fails to state a claim against Conopco for breaches of the Merger Agreement and Shareholders Agreement similarly fail.[1] Defendants argue that Conopco has unfettered authority over all asset sales, including sales of Ben & Jerry's trademarks. That argument, however, is contrary to the express terms of the Merger and Shareholders Agreements. Both agreements expressly authorize the Independent Board to prevent action involving "the licensing or other use of the Ben & Jerry's trademark"— which includes a sale of trademarks. Moreover, the Amended Complaint alleges facts showing that was the mutual understanding of the parties. (*See, e.g.*, Am. Compl. Ex. D ("[W]e have always recognised the right of the [Ben & Jerry's] brand and its independent Board to take decisions about its social mission.").)

### 4. The Amended Complaint States a Claim for Breach of the License Agreement

The Amended Complaint states a viable claim against Unilever and UIP for breach of the License Agreement. Defendants assert that Plaintiff's claims are barred by the statute of limitations, because the breach occurred more than six years before the filing of this action. The Amended Complaint, however, alleges facts establishing a compelling basis for the equitable tolling of the limitations period. *See Telesco v. Neuman*, 2015 WL 5474230, at *4 (S.D.N.Y. Sept. 8, 2015). The Amended Complaint alleges that Defendants surreptitiously caused an affiliate controlled by Conopco to transfer Ben & Jerry's trademarks to Unilever. Defendants took affirmative steps to conceal their misconduct, including by firing the former Ben & Jerry's CEO, directing a hand-picked successor to covertly cause the transfer of the marks to Unilever N.V., and hiding the transactions from the Independent Board. (Am. Compl. ¶¶ 48-56.) The Independent Board discovered the transfer in response to this action, when Conopco revealed them in its July 11, 2022 brief in opposition to a preliminary injunction ("Opposition.") (*See* ECF 30 at 7.) On those facts, equitable tolling is appropriate. At a minimum, discovery is necessary to resolve that factual issue.

Defendants also argue that the trademark transfers "could not have materially impaired" Ben & Jerry's rights because the Independent Board was "separately protected under the Merger Agreement and Shareholders Agreement, regardless of which entity held the IP." (Letter at 3.) That argument is meritless. Defendants frustrated Ben & Jerry's rights by transferring the

---

[1] Plaintiff's claims for breach of the implied covenant (unlike its claims for breach of contract) are based on allegations concerning Defendants' covert transfer of Ben & Jerry's trademarks in 2000 and 2001, and are properly pled in the alternative. *See JM Holdings 1 LLC v. Quarters Holding GmbH*, 2021 WL 860516, at *6 (S.D.N.Y. Mar. 8, 2021).

The Honorable Andrew L. Carter, Jr.
United States District Judge
Page 4

trademarks to Unilever, beyond the authority of the Independent Board—which, according to Unilever, enabled it to transfer the trademarks to Blue & White, over the objection of the Independent Board.  Indeed, Unilever made the same point in its Opposition, arguing that Ben & Jerry had no right under the Merger and Shareholders Agreements to prevent the transfer of Ben & Jerry's Israel marks because those marks were no longer owned by Ben & Jerry's.  (*See* ECF 30 at 17) ("Unilever and UIP exercised their rights to sell trademarks that UIP, not Ben & Jerry's, owned in Israel . . . Thus, Plaintiff's request for relief is moot.").

  Finally, Ben & Jerry's is in the process of completing service on all parties.  Somewhat surprisingly, Unilever plc and UIP refused to authorize their counsel to accept service, particularly since a Unilever executive already submitted a declaration in this proceeding. (*See* ECF 31, Declaration of Matt Close.)  Accordingly, Ben & Jerry's has undertaken to complete service of Unilever and UIP in the United Kingdom and the Netherlands.

  For the foregoing reasons, Defendants' proposed motion to dismiss would be futile.

Respectfully submitted,

*/s/ Mark S. Cohen*

Mark S. Cohen

cc:  Counsel of record via ECF